IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MOHAMED FARAHAT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-105 (RDA/IDD) |
| | ) | |
| PAUL PERRY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## ORDER

This matter comes before the Court on Petitioner Mohamed Farahat's Petition for Writ of Habeas Corpus. Dkt. 1. The Petition was filed on January 14, 2026. *Id.* On January 15, 2026, this Court set a briefing schedule on the Petition. Dkt. 3. On January 21, 2026, Respondents filed an Opposition to the Petition. Dkt. 5. On January 23, 2026, Petitioner filed a Reply in support of the Petition. Dkt. 7. On February 2, 2026, this Court set a hearing on the matter for February 11, 2026. Counsel for the parties appeared at the hearing, and the Court heard argument on the Petition. Dkt. 12. The matter is now ripe for disposition. Considering the Petition, Opposition, and Reply, as well as counsel's representations and argument at the February 11, 2026 hearing, the Court GRANTS the Petition for the reasons stated herein.

## I. BACKGROUND

Petitioner is a native and citizen of Egypt currently held in immigration detention at Caroline Detention Center in Bowling Green, Virginia. Dkt. 1 ¶ 30; Dkt. 1-4. Petitioner entered the United States unlawfully on or about September 18, 2024. Dkt. 1 ¶ 31. On June 2, 2025, a final order of removal was entered against Petitioner. Dkt. 1 ¶ 32; Dkt. 1-2; Dkt. 5-1 ¶ 10. In the order, the Immigration Judge denied asylum but granted withholding of removal to Egypt under

INA § 241(b)(3).  Dkt. 1 ¶¶ 32, 38; Dkt. 1-2; Dkt. 5-1 ¶ 10.  Both parties waived appeal, and there have been no further proceedings in immigration court since that time.  Dkt. 1-2; Dkt. 5-1 ¶ 10.

On June 12, 2025, the Government sent requests for travel documents to Morocco, Libya, and Chad.[1]  Dkt. 5-1 ¶ 12.  At the hearing, Respondents represented that Morocco and Libya declined these requests.  Respondents also broadly stated that the U.S. Department of State was "working with Chad" on Petitioner's removal but did not represent any specific further steps had been taken.

## II.  LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted).  After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require."  28 U.S.C. § 2243.  "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement."  *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

8 U.S.C. §1231(a) requires the Government to detain noncitizens during the "removal period," which is defined as the 90-day period during which "the Attorney General shall remove

---

[1] "[T]he Secretary retains discretion to remove an alien to any country described" in the INA.  8 C.F.R. § 241.15(a).  The INA designates the following countries as possible places to which an alien can be removed: (i) the country of which the alien is a citizen, subject, or national; (ii) the country in which the alien was born; (iii) the country in which the alien has a residence; (iv) a country with a government that will accept the alien into the country's territory if removal to each country described in a previous clause of this subparagraph is impracticable, inadvisable, or impossible.  8 U.S.C. § 1231(b).

the alien from the United States." 8 U.S.C. §1231(a)(1)(A). That period commences upon one of three occasions: "(i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B). Detention after the end of the removal period is governed by 8 U.S.C. § 1231(a)(6), which states that inadmissible aliens "may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision."

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court determined that indefinite detention under 8 U.S.C. § 1231 would raise "serious constitutional concerns" and construed the statute to contain "an implicit 'reasonable time' limitation, which is subject to federal-court review." *Id.* at 682. The Supreme Court also found that there was a "presumption" that detention for six months was reasonable and that, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

## III.  ANALYSIS

Here, Petitioner argues that he is entitled to be released based on *Zadvydas*. In this case, it is uncontested that Petitioner has been detained longer than the presumptively reasonable six-month period described in *Zadvydas*. Indeed, Petitioner has now been detained subject to a final removal order for over eight months. Accordingly, the question before the Court is whether there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future and, if so, whether the Government has rebutted that showing with sufficient evidence. *Zadvydas*, 533 U.S. at 701.

3

Courts in this District have found that, where removal to the petitioner's native country has already been withheld and third-country removal efforts have been underway for some time with no success and uncertain prospects, the *Zadvydas* requirements for release on due process grounds are satisfied. *See, e.g.*, *Banoub v. Crawford*, 2025 WL 3723458, at *9 (E.D. Va. Dec. 23, 2025) (granting *Zadvydas* release after nearly eight months where the Government had made requests to three countries, at least one of which declined to accept the petitioner and another remained unresponsive, and, despite the Government's arguments that they were still actively pursuing removal to another county through a "Third Country Removal Agreement," the Government presented no specific evidence of further steps taken in the petitioner's case); *Divafkan v. Lyons*, No. 1:25-cv-2242-AJT-LRV (E.D. Va. Jan. 20, 2026) (granting *Zadvydas* release after eight months where two countries had declined to accept the petitioner and one was unresponsive, and, despite the Government's arguments that efforts to locate a third country were ongoing, the Government presented no specific evidence of further steps taken in the petitioner's case); *see also* *Zavvar v. Scott*, 2025 WL 2592543, at *8 (D. Md. Sept. 8, 2025) (ordering release of Iranian national who had obtained withholding as to that country, and for whom two alternate countries of removal had been identified but had not accepted).

Here, the record presents a similarly strong showing of non-foreseeability. Removal to Petitioner's native country of Egypt has been withheld since June 2, 2025. There have been no further immigration court proceedings since that time. Two countries have declined to accept the Petitioner, and, despite Respondents' general representation that the Department of State is "working" on Petitioner's removal with Chad, Respondents have provided no evidence of any actual further progress made toward Petitioner's removal since June 12, 2025. There is no evidence that any country has agreed to accept Petitioner, that any travel document has been issued,

4

or that any removal date has been scheduled.  Based on these facts, the Court finds that Petitioner has provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and that Respondents have not responded "with evidence sufficient to rebut that showing."  *Zadvydas*, 533 U.S. at 701.

In sum, Petitioner has been in detention for the purposes of removal pursuant to a final order of removal since June 2, 2025, a period of more than eight months and therefore for a period beyond the presumptively reasonable six-month period established under *Zadvydas*.  He has also made the required *prima facie* showing that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and Respondents have failed to present evidence sufficient to rebut that showing.  Petitioner's continued detention is therefore unlawful under *Zadvydas*.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the Petition (Dkt. 1) is GRANTED;[2] and it is

---

[2] On the afternoon of February 13, 2026, while this Order was being finalized, Respondents filed a Notice of Supplemental Declaration Regarding Third-Country Removal Efforts.  Dkt. 13. In the Notice, Respondents report that earlier this week, Petitioner's name was submitted for consideration for removal to an additional third country.  Dkt. 13-1 ¶ 4.  The attached declaration states that the declarant is "unable to disclose the third country due to the ongoing sensitive nature of the negotiations."  *Id.* ¶ 5.  Although Respondents report that the country "has previously accepted and participated in third country national removal missions," *id.*, Respondents have provided no assurances that this unidentified country has agreed to take this Petitioner, and this additional fact does not change the Court's finding that Respondents have provided no evidence that any country has agreed to accept Petitioner, that any travel document has been issued, or that any removal date has been scheduled.  Accordingly, the Court finds that, even considering this additional Notice filed after the completion of briefing and the hearing held in this case, Respondents have still not responded "with evidence sufficient to rebut" Petitioner's showing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701.

FURTHER ORDERED that Petitioner be RELEASED from custody under an Order of Supervision pursuant to 8 U.S.C. § 1231(a)(3) no later than Tuesday, February 17, 2026, at 12:00 p.m. with all his personal property; and it is

FURTHER ORDERED that, within twenty-four (24) hours of Petitioner's release, Petitioner provide his address of residence to the local ICE office and to Respondents; and it is

FURTHER ORDERED that Respondents are DIRECTED to file a notice with the Court on or before Thursday, February 19, 2026, confirming Petitioner's Release and providing his address of residence; and it is

FURTHER ORDERED that Petitioner's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, or on any other basis justified under law, is DENIED.[3]

It is SO ORDERED.

Alexandria, Virginia
February 13, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[3] *See Obando Segura v. Garland*, 999 F.3d 190, 195 (4th Cir. 2021) (holding that a habeas petitioner has no cognizable claim for attorney's fees under the EAJA because a habeas proceeding is not a "civil action" under the EAJA).